```
                    UNITED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BARBARA A. DWYER                    :   CIVIL ACTION

    -vs-                            :   NO:  02-4353

ITEQ - INTEGRATED TECHNOLOGIES,     :
INC.
                                    :   JURY TRIAL DEMANDED
```

**AMENDED COMPLAINT**

**JURISDICTION AND VENUE**

1. This is an action for declaratory, equitable and injunctive relief and damages, to secure protection of and to redress deprivation of rights secured by Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§2000e et seq.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, and 42 U.S.C. §2000e-5 due to claims arising under the laws of the United States.

3. Venue is proper in this district because the wrongful discrimination occurred here and the plaintiff would have worked here absent the wrongful discrimination, as required by 42 U.S.C. §2000e-5(f)(3).

**PARTIES**

4.   Plaintiff is Barbara A. Dwyer, an adult female citizen of the United States, residing at 1415 Grace Road, Swarthmore, PA 19081.

5.   Defendant is ITEQ - Integrated Technologies, Inc., a business corporation whose headquarters is 8757 Georgia Avenue, Suite 500, Silver Spring, MD 20910. Defendant regularly conducts business in this district.

6.   The defendant was engaged in an industry affecting commerce, and had fifteen or more employees for each working day in each of twenty or more calendar weeks in every calendar year since at least 1999.

**ADMINISTRATIVE PROCEEDINGS AND CONDITIONS PRECEDENT:**

7. Plaintiff filed a charge of discrimination, No. 170A200226, with the Equal Employment Opportunity Commission (EEOC) on November 9, 2001, alleging discrimination based on sex and, more specifically, pregnancy. A copy of the said charge is attached as Exhibit 1.

8.   On April 5, 2002, the EEOC issued notice of right to sue to the claimant with regard to the charges of discrimination. A true copy of the said notice is attached as Exhibit 2. The

plaintiff has therefore satisfied all required conditions precedent to this action.

## **FACTS**

9. Plaintiff became employed by defendant on or about August 25, 1997 as a relocation specialist. As of February 2000, she was earning an annual salary of $68,250 and fringe benefits including, but not limited to, health insurance and pension benefits.

10. Plaintiff was, at all relevant times, qualified and competent at her employment. During her employment with the defendant, she worked primarily in Philadelphia and Brookhaven, Pennsylvania, but also performed work in New York and Virginia.

11. While she worked in Virginia, the defendant allowed the plaintiff to maintain her residence in this district and reimbursed her expenses for travel to and from the job location.

12. Plaintiff performed her job duties in a fashion which met the reasonable standards of the employer at all relevant times.

13. On or about January 23, 2001, the plaintiff informed the management of the defendant that she was pregnant by sending an electronic mail message to Patricia DeAloia, the company president.

14. On or about February 1, 2001, the plaintiff met with her director, Scott Rollison (Rollison) who told her she was to be assigned as project manager for the defendant's expected contract with the National Institute of Standards and Technology (NIST). For this project, the plaintiff would have worked in Gaithersburg, Maryland. Rollison told her she would no longer be reimbursed for her travel expenses.

15. On or about March 1, 2001, Rollison met with the plaintiff in his office, during which time he informed her that NIST would not tolerate an interruption in personnel managing the defendant's project, so Harvey Hannerfeld would be project manager on the NIST project.

16. Rollison then informed the plaintiff that she had the option of being terminated or becoming a part-time on-call employee working for $50.00 per hour. He represented that there was temporary work available during March and April 2001, on a project for the Internal Revenue Service, and that further work would be available later.

17. The plaintiff worked on a part-time basis in March and April, 2001 in Massachusetts and New York.

18. Although the plaintiff was available for work, except for a brief period immediately surrounding the birth of her son, the defendant has never offered her further work.

19. The defendant's actions in withdrawing its reimbursement of travel expenses, terminating the plaintiff as a full time employee and, subsequently, entirely terminating her, were unlawful discrimination based on her sex and pregnancy.

20. If not for the defendant's discriminatory conduct, the plaintiff would have maintained her employment, commuting from her home in this district to the NIST assignment and other job locations thereafter unknown.

21. As a direct and proximate result of the said actions, the plaintiff has therefore experienced unemployment; lost income and fringe benefits, aggravation, embarrassment and emotional distress.

22. Defendant's adverse actions against the plaintiff were unlawful discrimination based upon her sex in violation of 42 U.S.C. Section 2000e-2.

23. The defendant's actions were outrageous, willful, wanton and undertaken with reckless disregard and indifference to the rights of the plaintiff.

WHEREFORE, Plaintiff requests legal and equitable relief including:

    a.    a declaration that defendant's conduct toward her was unlawful;

    b.    Reinstatement, or in the alternative, front pay;

    c.    back pay;

    d.    compensatory and punitive damages in an amount in excess of $150,000; and

    e.    a reasonable attorney's fee and the costs of this action.

                                MacELREE HARVEY, LTD.

_____
WILLIAM T. WILSON, ESQ.
Attorney for Plaintiff
17 West Miner Street
P.O. Box 660
West Chester, PA  19381-0660
(610) 436-0100
Attorney ID#:  41793