## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BARBARA A. DWYER, | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION |
| | ) | |
| v. | ) | NO: 02-CV-4353 |
| | ) | |
| INTEGRATED TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## MEMORANDUM OF LAW IN
## SUPPORT OF DEFENDANT'S MOTION TO DISMISS
## AMENDED COMPLAINT FOR IMPROPER VENUE

I.    INTRODUCTION

Defendant ITEQ-Integrated Technologies, Inc. ("ITEQ"), improperly named as "Integrated Technologies, Inc." in the Amended Complaint, by its undersigned counsel, submits the following memorandum of points and authorities in support of its Motion to Dismiss the Amended Complaint for Improper Venue.

As discussed more fully below, venue is improper in this district under the venue provisions of Title VII, 42 U.S.C. § 2000e-5(f)(3), because: (1) all actions by ITEQ that form the basis for Plaintiff's claim occurred in Maryland, (2) ITEQ's sole corporate office is located in Silver Spring, Maryland, (3) ITEQ's personnel records are kept in Maryland, (4) ITEQ maintains no office, and has no business or corporate presence, in the Commonwealth of Pennsylvania, and (5) based on Plaintiff's Complaint, absent the alleged discrimination, Plaintiff would have worked on a contract in Gaithersburg, Maryland.

II.    <u>PROCEDURAL HISTORY</u>

On or about July 5, 2002, the Complaint in this case was filed with the U.S. District Court for the Eastern District of Pennsylvania.  The Complaint contained a single count alleging sex discrimination in violation of Title VII.

On or about September 30, 2002, Defendant moved to dismiss the Complaint for lack of venue.  Following a conference call convened by Judge Weiner to discuss the motion, Judge Weiner issued an Order dated October 15, 2002 denying the motion without prejudice to the Defendant's right to reinstate the motion after the close of discovery.

Subsequently, Plaintiff served Defendant with an Amended Complaint.   The Amended Complaint does not allege any additional facts that would support a finding that venue in this district is appropriate.  Accordingly, by this motion, Defendant moves to dismiss the Amended Complaint for lack of venue.

III.    <u>FACTS</u>

This is an action for sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et</u> <u>seq</u>.

ITEQ is a woman-owned, small disadvantaged business that is currently participating in the Small Business Administration's 8(a) Program.  Affidavit of Aprill Hill ("Hill Affidavit") ¶3.[1]  Its only corporate office and all of its corporate records are located in Silver Spring, Maryland.  Hill Affidavit, ¶4.  ITEQ does not maintain a corporate office in Pennsylvania.  Hill Affidavit, ¶4.  ITEQ has approximately 85 full and part-time employees who provide enterprise engineering and information technology services to government and private entities in the areas of network infrastructure, systems integration, enterprise relocations and information assurance. Hill Affidavit, ¶3.

Plaintiff was originally hired by ITEQ as a "relocation specialist" in August, 1997.  Hill Affidavit, ¶5.  Since the date of her hire, Plaintiff has listed her residence at 1415 Grace Road,

---

[1] The Hill Affidavit was filed with the Court on September 30, 2002.

Swarthmore, Pennsylvania 19081, and commuted to the metropolitan Washington, D.C. area. See Amended Complaint ¶4; Hill Affidavit, ¶6.   For the next two years, ITEQ placed Plaintiff as a relocation specialist on a government contract at Defense Supply Center in Philadelphia ("DSCP").  Hill Affidavit, ¶7.  The DSCP contract expired in August, 1999.

After the DSCP contract was completed, Plaintiff was assigned to a contract with Network Access Solution ("NAS") in Sterling, Virginia.  Hill Affidavit, ¶8.  This project ended in September, 2000.  Hill Affidavit, ¶8.  Thereafter, Plaintiff was assigned to various short-term relocation contracting efforts at the following locations: Philadelphia, Brookhaven, and Ft. Belvoir.  Hill Affidavit, ¶8.

Plaintiff alleges that, on or about January 23, 2001, she informed ITEQ that she was pregnant.  Amended Complaint ¶13.   Plaintiff further alleges that, on or about February 1, 2001, she met with her director, Scott Rollison to discuss her assignment to a federal contract ITEQ was seeking with the National Institute of Standards and Technology ("NIST").   Amended Complaint ¶14.    The NIST contract, if awarded to ITEQ, would have required Plaintiff to perform her duties in Gaithersburg, Maryland.  Hill Affidavit, ¶9.

Plaintiff also alleges that, on or about March 1, 2001, she again met with Mr. Rollison "in his office."  Amended Complaint ¶15.   Mr. Rollison's office is located at ITEQ's corporate office in Silver Spring, Maryland.  Hill Affidavit, ¶10.  It is during this meeting that Plaintiff alleges the discriminatory conduct occurred.  Amended Complaint ¶¶15-16.  Plaintiff contends that she was not assigned to the NIST project, and removed from full-time status, because of her pregnancy.  Id.

On November 9, 2001, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").   Amended Complaint ¶7.  By letter dated April 5, 2002, the EEOC dismissed the Charge and issued Plaintiff a notice of right to sue.

IV.    DISCUSSION

    A.    Plaintiff Cannot Establish Proper Venue Under 42 U.S.C. § 2000e-5(f)[1]

Title VII provides that "the provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern" employment discrimination actions.  42 U.S.C. § 2000e-16(d) (2002).  The "shall govern" language is mandatory.  Bolar v. Frank, 938 F.2d 377, 378 (2d Cir. 1991).  Under 42 U.S.C. § 2000e-5(f)(3), venue in Title VII actions may lie only in the district courts of the state in which (1) the alleged unlawful discrimination occurred; (2) the relevant employment records are maintained and administered; (3) the plaintiff "would have worked" absent the alleged discrimination, or (4) for purposes of section 1406 of Title 28, the judicial district in which the respondent has its principal office. Id.

Applying the Title VII venue provisions to the facts of this case, it is clear that this judicial district is an improper forum.  The four venue categories expressed in Section 2000e-5(f)(3) are discussed, in turn, below.

    1.    State Where Alleged Unlawful Employment Practice Occurred

The first venue provision under Title VII states that "such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed."  42 U.S.C. § 2000e-5(f)(3) (2002).

In an effort to obtain venue in the judicial district in which she resides, Plaintiff asserts broadly in the Amended Complaint that venue is proper in the Eastern District of Pennsylvania "because the wrongful discrimination occurred here . . . ."  Amended Complaint ¶3.  However, the factual allegations in the Amended Complaint do not support this conclusion.  The Amended Complaint alleges that "defendant's actions in withdrawing its reimbursement of travel expenses, terminating the plaintiff as a full-time employee and, subsequently, entirely terminating her, were unlawful discrimination based on here sex and pregnancy."  Amended Complaint ¶19.

---

[1] The Complaint initially filed by the Plaintiff incorrectly cited 28 U.S.C. § 1391(b) in support of Plaintiff's contention that venue is proper in this judicial district.  Complaint ¶3.  However, the Amended Complaint correctly cites 42 U.S.C. § 2000e-5 as the controlling provision for Title VII cases.  Amended Complaint ¶2.

4

369db9ca91d834ed

The Amended Complaint admits that these actions occurred during meetings with her supervisor, Scott Rollison, which took place "in his office."  Amended Complaint ¶¶15-16.  Mr. Rollison's office is located at the ITEQ corporate offices in Silver Spring, Maryland.  Hill Affidavit, ¶10.

In addition, all communications and decisions regarding Plaintiff's employment status and all work assignments, including the decision to offer her part-time status, originated in ITEQ's Silver Spring, Maryland offices.  Hill Affidavit, ¶11.  In addition, ITEQ's headquarters are located in Silver Spring, Maryland where all personnel operations are conducted and where all employment records are kept.  Hill Affidavit, ¶¶4, 11.  Accordingly, Plaintiff cannot establish venue under the first prong of Section 2000e-5(f)(3).

2.    State Where Employment Records Are Maintained And Administered

The second prong of Section 2000e-5(f)(3) provides for venue "in the judicial district in which the employment records relevant to such practice are maintained and administered."  42 U.S.C. § 2000e-5(f)(3) (2002).

As noted, ITEQ maintains it corporate headquarters in Silver Spring, Maryland.  Hill Affidavit, ¶4.  It has no other offices.  Accordingly, all employment records for ITEQ's business are maintained and administered from that office.  Hill Affidavit, ¶4.  ITEQ maintains no records within the Commonwealth of Pennsylvania.  Hill Affidavit, ¶4.  Consequently, Plaintiff cannot establish venue in the Eastern District of Pennsylvania under the second prong of § 2000e-5(f)(3).

3.    State Where Aggrieved Person Would Have Worked

The third prong of Section 2000e-5(f)(3) provides for venue "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3) (2002).  This requirement has recently been interpreted to permit venue only in the judicial district where the plaintiff has his/her "principal place of work" or "base of operations," and not any district in which the individual's work might take him/her. James v. Booz-Allen & Hamilton, Inc., 2002 WL 3119865 (D.D.C. July 31, 2002).

Again, in a strained effort to obtain venue in the Eastern District of Pennsylvania, the Amended Complaint broadly asserts that "plaintiff would have worked here absent the wrongful termination." Amended Complaint ¶3. However, the factual allegations in the Amended Complaint belie this assertion, and reflect that the Plaintiff would have worked on ITEQ's NIST project in Gaithersburg, Maryland. Specifically, the Amended Complaint alleges that "[i]f not for the defendant's discriminatory conduct, the plaintiff would have maintained her employment, commuting from her home in this district to the NIST assignment and other job locations thereafter unknown." Amended Complaint ¶20.

Plaintiff's assertion that she may have been assigned to "other job locations thereafter unknown" is "entirely speculation" and cannot serve as the basis for venue in the Eastern District of Pennsylvania. See Rojas v. Trans States Airlines, Inc., 204 F.R.D. 265, 268 (D.N.J. 2001). In her opposition to Defendant's motion to dismiss the initial complaint filed in this case, Plaintiff alleged that ITEQ permitted her to work at her home in Swarthmore, Pennsylvania from time to time. Even if this assertion were true, the fact remains that Plaintiff's "principal place of work" or "base of operations" would have been either on the NIST project in Gaithersburg, Maryland or at ITEQ's corporate office in Silver Spring, Maryland. See James v. Booz-Allen & Hamilton, Inc., supra.

>                    4.    State In Which Respondent Has Its Principal Office

The last avenue in Section 2000e-5(f)(3) under which Plaintiff can attempt to establish venue states that such actions "may be brought within the judicial district in which respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3) (2002). As discussed above, ITEQ's sole corporate office is located in Silver Spring, Maryland. Hill Affidavit, ¶4. Therefore, Plaintiff cannot establish venue under this provision as well.

To summarize, there is no basis for venue under 42 U.S.C. § 2000e-5(f)(3).

B.      Dismissal Under 28 U.S.C. § 1406(a)

When a court finds that venue is lacking, the case can be dismissed under 28 U.S.C. § 1406(a), which provides as follows: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district of division in which it could have been brought." Id.  Unlike Fischer, supra, wherein the court refused to dismiss a case brought by a pro se plaintiff, Plaintiff is represented by counsel.  As Plaintiff, through her counsel, had every opportunity to review Title VII's venue provisions and the case law interpreting same, yet still filed in an inappropriate forum, dismissal is warranted.

V.    CONCLUSION

For the foregoing reasons, ITEQ requests that this Court grant Defendant's Motion to Dismiss the Amended Complaint for Improper Venue.  The Complaint should be dismissed or, in the alternative, transferred to the Distirct of Maryland.

Respectfully submitted,

BAZELON LESS FELDMAN, P.C.

BY:      _____
         Paul B. Bech
         I.D. No. 59850
         1515 Market Street, 7th Floor
         Philadelphia, PA  19102

         Attorneys for Defendant
         Integrated Technologies, Inc.

OF COUNSEL:

Andrew P. Hallowell
PILIERO, MAZZA & PARGAMENT, PLLC
888 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 857-1000

DATED: December 3, 2002

## CERTIFICATE OF SERVICE

I certify that on November 1, 2002, copies of Defendant's Motion To Dismiss for Improper Venue, supporting Memorandum of Law, and form of Order were sent **via first-class mail** to William T. Wilson, Esquire, 17 W. Miner Street, P.O. Box 660, West Chester, PA 19381-0660, counsel for Plaintiff.


_____

Paul B. Bech


J:\ITEQ, 3730\Barbara Dwyer, 00001\Court Documents\Venue Motion\ITEQ-PandA-Amend.doc