### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. DWYER, : | |
| Plaintiff : | |
| v. : | Civil Action No. 02-CV-4353 |
| ITEQ-INTEGRATED TECHNOLOGIES, INC. : | |
| Defendant : | |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant ITEQ-Integrated Technologies, Inc., by and through its undersigned attorneys, hereby provides its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

1. The averments of paragraph 1 of the Amended Complaint do not require a response and are, in any event, denied.

2. Denied as a conclusion of law.

3. Denied.

4. Admitted.

5. It is admitted that Defendant is ITEQ – Integrated Technologies, Inc., a business corporation whose headquarters is 8757 Georgia Avenue, Suite 500, Silver Spring, MD 20910. It is denied that Defendant regularly conducts business in this district.

6. Denied, save that it is admitted that defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks in every calendar year since at least 1999.

7. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff filed a charge of discrimination, No. 170A200226, with the Equal Employment Opportunity Commission (EEOC) on November 9, 2001, alleging discrimination based on sex, and more specifically, pregnancy, and accordingly denies the averments of paragraph 7 of the Amended Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to whether the EEOC issued a notice of right to sue to the claimant on April 5, 2002, and accordingly denies this averment and the remaining averments of paragraph 8 of the Amended Complaint.

9. Admitted.

10. Denied.

11. It is denied that Defendant "allowed" Plaintiff to maintain her residence in this district while she worked in Virginia. It is admitted prior to March 1, 2001 that the Defendant reimbursed her expenses for travel to and from a job location in Virginia.

12. Denied.

13. Denied.

14. Denied.

15. Denied, save that it is admitted that in 2001, Mr. Rollison met with Plaintiff in his office.

16. Denied, save that it is admitted that in 2001, Mr. Rollison informed Plaintiff that she had the option of being terminated or becoming a part-time on call employee working for $50.00 per hour and that he informed her that there was work available during March or April 2001, on a project for the Internal Revenue Service.

17. Denied, save that it is admitted that Plaintiff worked on a part-time basis in March and April 2001 in New York and Massachusetts.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

WHEREFORE, Defendant requests that this Court dismiss this case with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by her failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has no entitlement to punitive damages. Defendant's actions were not outrageous, willful, wanton or undertaken with reckless disregard and/or indifference to the rights of the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Defendant had legitimate non-discriminatory business reasons for its actions.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, for Plaintiff's failure to exhaust internal and/or administrative remedies or procedures.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of preventive and/or corrective opportunities provided by Defendant and/or to otherwise avoid harm.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant exercised prompt reasonable care to prevent the alleged discrimination.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or estopped in whole, or in part, because of Plaintiff's own action, inaction, and/or conduct.

## TENTH AFFIRMATIVE DEFENSE

Venue is not appropriate in this district.

WHEREFORE, Defendant requests that this Court dismiss this case with prejudice.

Respectfully submitted,

Dated: _____         _____
                                          Daniel J. Brennan, Esquire
                                          Attorney I.D. No. 68923
                                          Mariellen Bello, Esquire
                                          Attorney I.D. No.  60375
                                          McAleese, McGoldrick, Susanin
                                             & Widman, P.C.
                                          Suite 240 – Executive Terrace
                                          455 S. Gulph Road
                                          King of Prussia, PA 19406
                                          (610) 337-4510

## **CERTIFICATE OF SERVICE**

      I, Mariellen Bello, hereby state that I served copies of the foregoing Answers and Affirmative Defenses upon counsel of record on March __, 2003, by placing same in the U.S. mail, first class postage prepaid, addressed as follows:

> William T. Wilson, Esquire
> MacElree Harvey, Ltd.
> 17 West Miner Street
> P.O. Box 660
> West Chester, PA 19381-0660
>
> Attorney for Plaintiff

_____
Mariellen Bello