IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARBARA A. DWYER                     :
                                     :
                                     :
                                     :
                                     :
V.                                   :     C.A. NO. 02-4353
                                     :
                                     :
                                     :
ITEQ-INTEGRATED                      :
TECHNOLOGIES, INC.                   :

WEINER, J.                                               June 25, 2003

## MEMORANDUM OPINION AND ORDER

Barbara Dwyer brought this action in the Eastern District alleging a claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Presently before the court is a motion by defendant ITEQ-Integrated Technologies, Inc. ("ITEQ") to dismiss for lack venue. For the reasons which follow, the motion is denied.

The facts underlying the motion are not disputed. Dwyer resides in this district. ITEQ is headquartered in Maryland. Dwyer was hired by ITEQ in 1997. Her position was relocation specialist. Dwyer worked primarily at the Defense

Supply Center in Philadelphia. She also traveled as needed to New York, Massachusettes and Virginia on ITEQ's behalf. She also worked out of her home in Swarthmore, Pennsylvania, where she had a second phone line and other equipment installed at ITEQ's expense. Dwyer's business cards, which were supplied by ITEQ, listed contact phone numbers with local area codes. She was reimbursed for expenses when she traveled from her home to other job locations. An e-mail in which Dwyer informed ITEQ of her pregnancy, and which she argues forms the basis of her discrimination claim, was sent by her from her residence in Swarthmore.

Dwyer concedes, however, that a February 1, 2001, meeting with her director, Scott Rollinson, took place in Maryland. At that meeting, convened in response to the e-mail, Rollinson allegedly told Dwyer "Why did you have to get pregnant?" He informed her she was to be assigned to a project in Maryland, and would no longer be reimbursed for travel expenses. Dwyer told Rollinson she would look into relocating or daily commuting to eliminate overnight travel expense. At a follow up meeting in March, also in Maryland, Rollinson allegedly told Dwyer she would not get the Maryland assignment. Later that day, Rollinson called Dwyer on her cell phone, giving her the option of termination or working part time as an on call employee. Still later, Rollinson called her again to tell her she was being terminated as of March 2, 2001.

The venue provision governing Title VII is found at 42 U.S.C. § 2000e-5(f)(3). It provides in pertinent part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Our Court of Appeals has read this venue provision liberally, finding "[i]n general, the effect of Title VII's venue provision is to allow suit in the judicial district in which the plaintiff worked or would have worked." Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 504-05 (3d Cir. 2000). In so holding, the Third Circuit noted that other courts have also noted "this broad provision for alternative forums was necessary to support the desire of Congress to afford citizens full and easy redress of civil right grievances. Id. (quoting Richardson v. Alabama State Board of Education, 935 F.2d 1240, 1248 (11th Cir. 1991).

As it is undisputed that Dwyer worked in this judicial district, we find that venue here is appropriate. The fact that Dwyer might have worked in Maryland

had the alleged discrimination not occurred, is not controlling. Accordingly, the motion to dismiss for lack of venue will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. DWYER | : | |
| | : | |
| V. | : | C.A. NO. 02-4353 |
| | : | |
| ITEQ-INTEGRATED TECHNOLOGIES, INC. | : | |

## **ORDER**

The motion of ITEQ-Integrated Technologies, Inc. to dismiss the amended complaint for improper venue (# 15) is DENIED.

Trial of this case shall commence September 22, 2003.

IT IS SO ORDERED.

_____
CHARLES R. WEINER